A juror who has a cause at issue which he expects will be tried at the same term, will be discharged, and if not discharged, may be challenged.

Darius Claggett, who was summoned as a juror, made affidavit that he had a cause at issue in this court, which he expected would be tried at this term, and prayed to be discharged. See Acts Md. 1715, c. 37, § 9; 1778, c. 21, §§ 2, 3; and 1797, c. 87.

THE COURT (MORSELL, Circuit Judge, contra) discharged him.

---

## Case No. 2,780.

### CLAGGETT v. WARD.

[5 Cranch, C. C. 669.][1]

Circuit Court, District of Columbia. March Term, 1840.

DISCHARGE OF INSOLVENT—EXONERATION OF BAIL.

If the defendant has been discharged under the insolvent law of Maryland the bail will be exonerated.

Motion by R. J. Brent, for an exoneretur upon the bailpiece, the defendant [Thomas Ward] having been discharged under the insolvent law of Maryland. Beers v. Haughton, 9 Pet. [34 U. S.] 329.

Mr. Morfit, for the plaintiff [Darius Claggett] contended that as the law of Maryland went to discharge the debtor from the obligation of the contract, and as this debt was not contracted in Maryland, the act of Maryland, so far as it impaired the contract, was unconstitutional and void; and cited Gordon v. Turner, 5 Har. & J. 369; Hickley v. Farmers' & Merchants' Bank, 5 Gill & J. 377; 3 Story, Comm. 340, 365; Smith v. Buchannan, 1 East, 6; Campbell v. Claudius [Case No. 2,356]; Constitutional Class Book,

[1] [Reported by Hon. William Cranch, Chief Judge.]

82. He also contended, that upon the principle of comity, a discharge in Maryland could not affect a citizen of this district, because a discharge here does not affect a nonresident creditor.

THE COURT (THRUSTON, Circuit Judge, absent) ordered the exoneretur to be entered, upon filing the certificate of discharge of the debtor in Maryland.